UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD FERGUSON,

    Petitioner,

v.                                                  Case No. 2:07-cv-81
                                                    HON. GORDON J. QUIST

JERI-ANN SHERRY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Donald Ferguson filed this petition for writ of habeas corpus challenging the validity of his substance abuse prison misconduct conviction. Petitioner was found guilty after a hearing and given four days top lock confinement. Petitioner was found guilty of substance abuse after he refused to take a drug test when a white powder and liquid were discovered during a strip search of petitioner. Petitioner maintains that his convictions were obtained in violation of his rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has asserted it was error to find him guilty of substance abuse when he simply refused to take a drug a test, the regulation is illegal, and the failure to undertake a chemical analysis of the substances influenced the finding of guilt. Generally, habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement. *Preiser*

*v. Rodriquez,* 411 U.S. 475, 500 (1973). Whereas, 42 U.S.C. § 1983 is used to constitutionally challenge the terms and conditions of confinement. *Id.* The misconduct guilty finding resulted only in four days top lock status and does not have a direct effect on the duration of petitioner's confinement. Top lock confinement simply imposes a cell confinement requirement with allowances for showers, exercise, classes, work and dining hall access.

> It is well established that a prisoner cannot challenge the loss of such privileges by way of a habeas corpus petition under 28 U.S.C. § 2241 (" § 2241"). A "challenge [to] disciplinary procedures having only a speculative or incidental effect on the length of [prisoner's] sentence" is not "close to the core of habeas corpus" and cannot be raised under § 2241. *See Sisk v. CSO Branch,* 974 F.2d 116, 117-18 (9th Cir.1992); *see also Georgevich v. Strauss,* 772 F.2d 1078, 1087 (3d Cir.1985) (en banc) (suspension of telephone, visitation and commissary privileges for one year).

*Homen v. Hasty*, 229 F. Supp. 2d 290, 295 (SD NY 2002).

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court

in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

       /s/ Timothy P. Greeley
       TIMOTHY P. GREELEY
       UNITED STATES MAGISTRATE JUDGE

Dated: November 2, 2009